FRANCIS L. CHAPIN AND ROBERT J. EDWARDS, AS EXECUTORS AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF JACOB EDWARDS, DECEASED, *Appellants*, v. FLORIDA COMMERCIAL COMPANY, DAVID H. THOMAS AND FRANK Q. BROWN, *Appellees*.

Opinon Filed February 24, 1915.

1. An equity cause may upon application and without notice be dismissed by the chancellor in open court, for failure to file a replication as required by Chancery Rule 67.

2. Where, in a suit against a corporation, a stockholder is duly admitted as a party defendant to defend for the corporation, and presents for the corporation an answer tendering an issue going to the whole merits of the cause, and the complainant does not except thereto or file a replication as required by the rules, the entire cause may be dismissed on the motion of such stockholder defendant.

Appeal from Circuit Court for Hillsborough County; F. M. Robles, Judge.

Decree affirmed.

*N. B. K. Pettingill* and *A. F. Odlin*, for Appellants;

*D. C. McMullen, Geo. P. Raney, E. B. Drumright* and *Sparkman & Carter*, for *Appellees*.

WHITFIELD, J.—In October, 1897, Jacob Edwards brought suit against the Florida Commercial Company for the appointment of a receiver to collect the assets of the company, to sell the same and pay a judgment previously obtained against the defendant company and for other similar purposes.  F. Q. Brown was on October 21, 1897, appointed receiver with appropriate powers.  On January 6, 1913, upon application, an order was made reviving the suit in the name of Francis L. Chapin and Robert J. Edwards, as trustees and executors under the last will of Jacob Edwards, deceased.  On March 10, 1913, F. Q. Brown filed a petition in the cause stating "that he is a stockholder, and has for many years past been vice-president and treasurer of the Florida Commercial Company, and having custody of its seal, and intervening in said cause for the purpose, among other things, of asking the court to revoke and vacate the order heretofore made reviving said cause says, that the said Robert J. Edwards above named as one of the executors of the last will and testament of Jacob Edwards, deceased, is the same Robert J. Edwards, who purports to act as president of said Florida Commercial Company, and who empowered and authorized E. B. Drumright, as attorney for said corpora-

tion, to request an order reviving the above entitled cause; that long prior to the death of Jacob Edwards all the indebtedness of the Florida Commercial Company to the said Jacob Edwards was fully settled and discharged, and that the said executors of the said Jacob Edwards have no interest whatsoever in the pending litigation; that under the law and the by-laws of said corporation, wherever the president is disqualified to act for and on behalf of the corporation, the duties to be performed by him devolve upon the vice-president; and your petitioner further shows that in the particular matter now pending before the court, the said president, Robert J. Edwards, is disqualified to act for and on behalf of said corporation on account of the fact that he is one of the complainants in said cause, and in the year 1902 the said Robert J. Edwards resigned and abandoned his office as president of said corporation.

Wherefore your petitioner prays that he may be made a party in said cause for the purpose of protecting the rights of himself as a stockholder, and all other stockholders like interested."

A similar petition was filed by D. H. Thomas asking that he be allowed to intervene for, among other purposes, to protect "his rights as a stockholder and those of the other stockholders like interested as he." Orders were made granting the petitions, and petitioners were allowed till the rule day in April, 1913, to file pleadings in the cause. This time was subsequently extended to April 14, 1913. On April 14, 1913, D. H. Thomas by answer averred that he is and for a number of years has been a stockholder in the Florida Commercial Company; that no creditors have at any time intervened in the cause

and that there are now no creditors of the defendant company; that the issue in the cause rests solely between complainants and the defending company; that Robert J. Edwards, one of the complainants, purporting to act as president of the defendant company designated an attorney to appear for the defendant company herein and consent to an order reviving this cause; that D. H. Thomas files this answer in behalf of said corporation, for the reason that it would be useless to ask said corporation, through the said Robert J. Edwards, purporting to act as its president, to raise the issues herein presented; that for a separate and distinct defense herein alleges that the indebtedness of the company to Jacob Edwards had been paid and discharged in a manner and by the means specifically stated; that the complainants are in laches; that Robert J. Edwards being a complainant herein was without authority to appoint an attorney to consent to a revival of this suit. A similar answer was on April 14, 1913, filed by F. Q. Brown as stockholder. On January 31, 1914, a petition was filed in the cause for D. H. Thomas which "shows unto the court that on the 11th day of March, A. D. 1913, an order was duly made by this court authorizing the said David H. Thomas, a stockholder in the defendant corporation, to intervene in said cause and file an answer on behalf of said corporation on account of the disqualification of the officers of said corporation to act; that under and by virtue of said order, on the 14th day of April, A. D. 1913, the said David H. Thomas duly filed an answer on behalf of said corporation. And * that from that time up to the present, the complainants in said cause have failed to either except to said answer or to file a replication thereto; and that, under the rules of this court the defendant is entitled to have said cause

dismissed. Wherefore he prays that this court may render an order dismissing said cause." . .:   .. ..

The court made the following order on the petition: .

"The above entitled petition coming on to be heard, and it appearing to the court that the facts therein stated are true:

It is, on this 31st day of January, A. D. 1914, in open court, duly ordered and adjudged that said cause be and the same is hereby dismissed." An application to vacate the dismissal and to reinstate the cause was denied. From these orders the complainants Chapin and Edwards as executors and trustees under the will of Jacob Edwards, appealed. Errors are assigned on the dismissal of the bill of complainant and on the denial of the motion to vacate the dismissal and to reinstate the cause.

It is contended for appellants (1) that the rules regulating procedure in chancery causes have not been followed in dismissing the bill of complaint in that the order of dismissal was not entered *as of course* on a rule day by the clerk under Equity Rules 3 and 67, but the order of dismissal was granted by the Judge in open court, without the notice required by Equity Rule 5; and (2) that as Thomas was merely an intervenor to protect his interests, and others similarly interested, as stockholders in the defendant corporation, the bill of complaint should not on his motion have been dismissed as to the other defendants who did not ask for a dismissal. The pertinent provisions of the chancery rules are as follows: · . ·

"Rule 2. The Circuit Courts, : as courts of equity, are by law deemed always open, and may disposee of all

motions and grant all orders and render all decrees, whether interlocutory or final, either in term time or vacation. The clerk's office shall be open at all times for the purpose of receiving, entering, entertaining, and disposing of all motions, rules, orders and other proceedings, which are grantable of course and applied for, or had by the parties or their solicitors, in all causes pending in equity, in pursuance of the rules hereby prescribed.

Rule 3. All motions, rules, orders, decree and other proceedings made and directed at chambers, or on rule days at the clerk's office, whether—special or of course, shall be entered by the clerk in an order book, to be kept at the clerk's office, on the day when they are made and directed; which book shall be open at all office hours to the free inspection of the parties in any suit in equity, and their solicitors; and except in cases where personal or other notice is specially required or directed, such entry in the order book shall be deemed sufficient notice to the parties and their solicitors, without further service thereof, of all orders, rules, acts, notices and other proceedings, entered in such order book, touching any and all matters in the suits to and in which they are partiees and solicitors. No notice of the filing of any answer, plea, demurrer, replication or other paper shall be necessary to be served upon the opposite party or his solicitor, unless such notice is directed by special order of the judge; and notice to the solicitors shall be deemed notice to the parties for whom they appear and whom they represent, in all cases where personal notice on the parties is not otherwise specially required.

Rule 4. All motions and applications in the clerk's office for the issuing of mesne process and final process to

enforce and execute decrees, for filing bills, answers, pleas, demurrers and other pleadings; for making amendments to bills and answers; for taking bills *pro confesso;* for filing exceptions, and for other proceedings in the clerk's office, which do not by law or by the rules of the court require an allowance or order of the court or judge, shall be deemed motions and applications, grantable of course by the clerk of the court. But the same may be suspended or altered or rescinded by the judge or court upon special cause shown.

Rule 5. All motions for rules or orders and other proceedings which may not be grantable of course, be made at any time before the judge of the court, due notice being given to the adverse party, and if the adverse party or his solicitor does not appear on the day named in the notice or order of the judge fixing the day, or shall not show good cause against the same, the motion may be heard by the judge and granted or refused, as the right of the matters may seem to him to require.

Rule 67. Whenever the answer of the defendant shall not be excepted to, or shall be adjudged or deemed sufficient, the Plaintiff shall file the general replication thereto on or before the next succeeding rule day thereafter; and in all cases where the general replication is filed, the cause shall be deemed to all intents and purposes at issue, without any rejoinder or other pleading on either side. If the plaintiff shall omit or refuse to file such replication within the prescribed period, the defendant shall be entitled to an order as of course for a dismissal of the suit; and the suit shall thereupon stand dismissed, unless the court or judge shall, upon motion for cause shown, allow a replication to be filed *nunc pro tunc,* the plaintiff submitting to speed the cause, and to such other terms as

may be directed." Sec. 1874 Gen. Stats. provides that "general replications to answers shall be filed at the rule day next succeeding the filing of the answer."

Rule 3 relates to the effect of orders .&c. that are entered by the clerk, in an order book, as notice to the parties and their solicitors, of the orders &c. as made without further service thereof. Rule 4 relates to orders &c. that are "grantable of course by the clerk of the court," and includes those "which do not by law or by the rules of the court require an allowance or order of the court or judge." Rule 5 relates to notice to be given of "proceedings which may not be grantable of course." Rule 67 provides that if a plaintiff shall omit or refuse to file on or before the next succeeding rule day a replication to an answer duly filed and not excepted to, "the defendant shall be entitled to an order as of course for a dismissal of the suit." Rule 67 expressly provides that the order of dismissal shall be "as of course," which excludes the operation of Rule 5 requiring notice to be given in "proceedings which may not be grantable of course." Such "order as of course for a dismissal of the suit" does not *"require* an allowance or order of the court or judge," but it may be made by the judge even though it may also "be grantable of course by the clerk of the court," "on rule days." If the clerk may on a rule day, and without notice to the opposite party being first given, enter an order of dismissal when "the plaintiff shall refuse or omit to file a replication within the prescribed period," certainly the judge; on such omission or failure of the plaintiff being shown, may in open court and without notice being given, grant the order of dismissal; and the rules contemplate the granting of such an order by the Judge at Chambers or in open court.

No exceptions to the answers were filed, and the plaintiff having omitted to file any replication within the prescribed period," the defendants who had answered were "entitled to an order as of course for a dismissal of the suit" under Rule 67, and such order could be made without notice by the judge in open court.

It is not contended that the court in this chancery cause was without power to admit, or that it erred in admitting, severally Brown and Thomas as intervening stockholders in the defendant corporation, to defend in the suit "for the purpose of protectig his rights as a stockholder and those of other stockholders like interested."

But it is contended that on the motion of Thomas, the suit should not have been dismissed as to the other defendants. It is apparent that if the complainants are in default and have no peculiar equity justifying their conduct in the cause, they cannot avoid the operation of the rules applicable to the proceeding, when such rules are invoked by a defendant who acts in the cause for the corporation defendant, particularly where the material issue tendered, and on which tender the complainants defaulted, goes to the whole merits of the entire subject matter of the suit, the defendant tendering such issue and those represented by him being all who are interested in the entire subject matter in controversy. A stockholder is admitted as a party to defend not for himself, but for the corporation, and, whether the corporation defends or not, the event of the suit is for or against the corporation, not the stockholder.

In this case the bill of complaint was filed in 1897, on which a receiver was appointed. The corporation did not plead to the bill, but no decree *pro confesso* was en-

tered. In 1902 the complainant Jacob Edwards died, apparently without taking any action in the premises. His executors took no steps until 1913 when they asked for a revival of the suit, it being averred that one of the reviving complainants purporting to act as the president of the defendant company authorized an attorney to appear for the defendant company and acquiesce in the revival of the suit. Upon petition of D. H. Thomas a stockholder, alleging that Robert J. Edwards one of the complainants who revived the suit and who purports to be president of the defendant corporation, as by virtue of being a plaintiff disqualified to act for and on behalf of the defendant corporation; that all claims of the complainant's testator Jacob Edwards were duly settled and discharged prior to the death of the testator and that there is now no existing claim against said corporation whatever and praying to be allowed to intervene in the cause, among other things, "for the purpose of protecting his rights as a stockholder, and those of other stockholders like interested as he." The petition was granted; the defendant D. H. Thomas by answer averred that no creditors had intervened in the cause, that there are no creditors of the defendant company, that the issue in the cause is solely between the complainants and the defendant company, but Robert J. Edwards *one of the complainants* purporting to act as president of the defendant company designated an attorney to appear for the defendant company and consent to the revival of the cause, therefore, David H. Thomas, the defendant "filed his answer in behalf of said corporation, for the reason that it would be useless to ask said corporation, through the said Robert J. Edwards, purporting to act as its president, to raise the issues herein presented," and avers that the "re-

VOL. 69, JANUARY TERM, 1915. 271

Chapin *et al.*, v. Fla. Com. Co. *et al.*—Opinion of Court.

ceiver, in behalf of the defendant company above named, its stockholders and creditors, paid off and discharged all claims held by said complainant, Jacob Edwards, against said defendant company" as specifically stated in the answer, that Jacob Edwards accepted such settlement "in full accord and satisfaction of all indebtedness existing in favor of said Edwards and against said defendant Florida Commercial Company." The answer prays for a decree that the indebtedness has been paid and that the complainants have no interest in the property, assets and effects of the defendant company. A similar answer was filed by F. Q. Brown another stockholder who was the receiver mentioned as having paid the debt. Both answers being filed on behalf of the defendant corporation tendering a material issue going to the entire merits of the cause and such issue not being accepted or in any way contested as required by the rules, the complainants were in default, remaining in default for several months, and as the defendant Thomas represented all stockholders of the defendant corporation and presented a full defense to the entire suit applicable to and made *on behalf of the defendant corporation* and all interested parties who could be defendants, the motion made by Thomas an intervening stockholder admitted as a defendant and allowed to "file an answer on behalf of said corporation on account of the disqualification of the officers of said corporation to act," was properly granted dismissing the cause for failure for several months to file a replication under Rule 67 of the Circuit Court Rules, no special equity appearing in favor of the complainants who were in laches in not accepting an issue duly tendered going to the entire suit. The motion to dismiss was not made and granted for failure to prosecute the suit, but for fail-

ure to file a replication as required by the statute and the rules of court, such dismissal not being on the merits no notice of the motion was required as of right, and the rules make such dismissal to be "as of course."

Affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.